Filed 3/25/15  P. v. Rodecker CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAYSON RODECKER,<br><br>    Defendant and Appellant. | G050084<br><br>(Super. Ct. No. M-15256)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Richard M. King, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood, Meagan J. Beale, and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

The trial court denied Jayson Rodecker's petition for certificate of rehabilitation and pardon without prejudice (hereafter Petition). On appeal, Rodecker contends the trial court abused its discretion because other than a few traffic citations there was "ample evidence of rehabilitation." At the hearing, Rodecker's counsel made no response to the evidence supplied by the district attorney and relied upon by the trial court. In light of this record, we find no abuse of discretion and affirm the trial court's judgment. Rodecker may file a new petition when he is ready because the court did not designate a new waiting period. (See Pen. Code, § 4852.22.) [1]

I

In September 1996, then 18-year-old Rodecker pled guilty to one count of first degree burglary and was sentenced to prison for four years. He was released on parole in September 1999. Seventeen years after the conviction, and 14 years after his release on parole, Rodecker filed his Petition, declaring under penalty of perjury the following: "During the period of my rehabilitation, I have lived an honest and upright life, conducted myself with sobriety and industry, and exhibited good moral character. I have conformed to and obeyed all the laws of the land. [¶] I request that the [c]ourt make its order declaring that I have been rehabilitated; and for a Certificate of Rehabilitation recommending that the Governor of the State of California grant me a full pardon."

In support of his January 2014 Petition, Rodecker (who is now 35 years old) submitted several letters of recommendation describing him as mature, responsible, hard working, respectful, honest, and trustworthy. He provided evidence he was a diligent employee and student, a good tenant, and a man of good moral character who regretted his past mistakes. Two of the letters were written by former law enforcement personnel. Rodecker submitted school records showing he was attending California State

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

2

University Long Beach (CSULB).  He maintained full-time employment while attending school.  He showed he was financially responsible, having saved his earnings and purchased a condominium.

On March 27, 2014, the district attorney filed an opposition to the Petition. The district attorney argued:  "[Rodecker] has failed to demonstrate that he meets the parameters set forth by the Legislature in . . . section 4852 to qualify for a Certificate of Rehabilitation and Pardon.  While statutorily eligible for the relief requested, [Rodecker's] criminal history and records from the court and the [d]istrict [a]ttorney's [o]ffice indicate that [Rodecker] has had more than a few run-ins with police in the years since he was released from prison.  In 2006, [he] was arrested for driving under the influence [DUI], but that case (06HM03887) was subsequently dismissed.  In 2009, [he] was the suspect in a petty theft case, but that case was rejected by the [d]istrict [a]ttorney's [o]ffice.  And [Rodecker] has had four traffic citations in the last four years, the most recent of which . . . occurred only a few weeks ago on March 5, 2014, and is currently pending.  [¶]  While acknowledging that [Rodecker's] contacts with law enforcement since his release from prison have not resulted in any further criminal convictions, except of course for the aforementioned traffic citations, the People believe that [Rodecker] is not the ideal candidate to receive a Certificate of Rehabilitation."

In his opposition, the district attorney referred to case authority holding there is a very high standard for determining whether rehabilitation has occurred.  In light of this authority, the district attorney concluded, "[u]nless and until some additional time passes, without any additional law enforcement contact with [Rodecker], the People would urge this court to deny his [P]etition."

The district attorney submitted documents to support the opposition.  With respect to the traffic citations, the oldest traffic citation, dated March 2010, was for driving at an unsafe speed for the prevailing conditions.  In May and June 2012, Rodecker was cited for speeding (in excess of the maximum 65 mph) and for failing to

3

obey a posted sign for preferential lanes, which meant he drove in the carpool lane alone. In March 2014, Rodecker was again cited for driving alone in the carpool lane. In addition, the opposition contained copies of the police reports relating to the underlying burglary conviction. The People did not submit copies of the police reports concerning the DUI arrest or petty theft case.

The hearing was held on April 4, 2014. The reporter's transcript shows the court started the hearing by stating, "All right. Before the court takes the matter under submission, I'll invite counsel to supplement the record." Rodecker's counsel informed the court that since filing the petition Rodecker had obtained his bachelor of science degree from CSULB. He submitted a copy of the degree to the court. Defense counsel then advised the court of the "potential" consequences for Rodecker's life if he was unable to obtain a certificate of rehabilitation. Counsel explained Rodecker had applied for a job with an airline that could require international travel and it may be difficult for a felon to travel in and out of Canada without a certificate of rehabilitation. Counsel also reminded the court that Rodecker's last criminal conviction was in 1996, when he was 18 years old and he was now 35 years old. Defense counsel concluded with the statement, "[A]nd that's all I have to say on the certificate of rehabilitation." At the hearing, defense counsel made no reference to the traffic convictions, the 2006 DUI arrest, or that Rodecker was a suspect in a petty theft case.

After the district attorney responded he had nothing to add to the opposition, the court took the matter under submission and then asked about the status of Rodecker's most recent traffic citation. Defense counsel stated Rodecker was prepared to enter a guilty plea. The court noted Rodecker was eligible for traffic school and asked Rodecker if he was guilty. Rodecker replied, "Guilty." The court ordered Rodecker to report to the clerk's office to make arrangements for traffic school.

Three days later, on April 7, 2014, the trial court issued a minute order denying the Petition without prejudice. In its minute order, the court recited Rodecker's

4

burden of proof under section 4852.05. It stated, "An individual who seeks a petition for rehabilitation must fulfill the conduct and character requirements" of section 4852.05, "which provides as follows: [¶] 'The person shall live an honest and upright life, shall conduct him or herself with sobriety and industry, shall exhibit a good moral character, and shall conform to and obey the laws of the land' [Citation.] [¶] Whether to grant the relief is discretionary, and the standards for determining if rehabilitation has occurred are high. [Citation.] 'There is no circumstance under which the statutory scheme requires or guarantees issuance of a certificate of rehabilitation by the superior court.' [Citation.] Moreover, 'trial courts are entrusted with the responsibility, in the exercise of sound discretion, to ensure that the strict statutory standards for rehabilitation are maintained.' [Citation.]"

In light of the above cited authority, the court ruled as follows: "[Rodecker] claims to have been released on parole in September 1999, and therefore, the seven-year rehabilitation period expired in September 2006. According to [his] criminal history, he was arrested for violation of Vehicle Code section 23152, [subdivision (a)], on [March 20, 2006]. Although the case was dismissed on the People's motion, the court observes that this incident occurred during the rehabilitation period. Further, . . . section 4852.05 requires [Rodecker] to conduct himself with sobriety, and the court finds petitioner has submitted insufficient evidence that he satisfies this standard."

In addition, the court found relevant that within "the past four years [Rodecker was] cited on four occasions for traffic violations, the most recent of which was unresolved when this petition was heard. (Case numbers FV422255-unsafe speed; 46060PV-HOV lane violation.)" The court explained, "[S]ection 4852.05 requires [Rodecker] to obey the laws of the land, and in light of this recent history, petitioner has submitted insufficient evidence that he complie[d] with this element, as well." The court also noted the People had opposed the Petition. It concluded, "For the foregoing reasons, the [P]etition is therefore denied without prejudice." (Capitalization omitted.)

5

II

Rodecker asserts he is the "ideal candidate" for a certificate of rehabilitation because he presented significant evidence, including multiple character reference letters attesting to his remorse, growth, and maturity. Rodecker argues evidence of his DUI arrest and traffic citations were not a reasonable basis for the court's decision to deny his Petition because (1) the DUI dismissal suggests there was insufficient evidence he drove while impaired, (2) the DUI arrest occurred more than seven years prior to the hearing, and (3) he went to traffic school for the minor traffic infractions. However, we cannot reweigh the evidence and our review is limited to whether the court abused its discretion in denying the Petition, i.e., did the trial court err in refusing to make "a personal representation to the Governor that [Rodecker was] worthy of a pardon.' [Citation.]" (*People v. Zeigler* (2012) 211 Cal.App.4th 638, 668 (*Zeigler*).)

We begin our analysis by applauding Rodecker for his many accomplishments. The multiple character reference letters describe him as mature, responsible, hard working, honest, trustworthy, and having integrity. The Penal Code provides a procedure for convicted felons, such as Rodecker, to seek a full pardon. However, as will be described in more detail below, the process is arduous and the standards are high.

A. *Brief Background on the Process to Obtain the Governor's Pardon*

"[C]onvicted felons who claim to be reformed have traditionally sought relief from the various consequences of their convictions through the Governor's power and discretion to grant pardons under the state Constitution. [Citation.] Different pardon application procedures exist in two neighboring statutory schemes. . . . [¶] The oldest procedure . . . is located in section 4800 et seq. . . . [T]his scheme authorizes the submission of pardon applications directly to the Governor." (*People v. Ansell* (2001) 25 Cal.4th 868, 873-874 (*Ansell*).)

6

The second procedure, the one invoked by Rodecker, is located in section 4852.01 et seq. "During World War II the Governor's office was inundated with pardon applications received from ex-felons who were otherwise barred from serving in the military and working in defense industries. [Citations.] Enacted as an urgency measure in 1943, the certificate of rehabilitation scheme eased the administrative burden on the executive branch by allowing the superior court to investigate and recommend pardon applicants. [Citation.]" (*Ansell*, *supra*, 25 Cal.4th at pp. 874-875.)

With certain exceptions, "the certificate of rehabilitation procedure is available to convicted felons who have successfully completed their sentences, and who have undergone an additional and sustained "period of rehabilitation" in California. (§ 4852.03, subd. (a) [imposing general minimum requirement of five years' residence in this state, plus an additional period typically ranging between two and five years depending upon the conviction]; see §§ 4852.01, subds. (a)-(c), 4852.06.)" (*Ansell*, *supra*, 25 Cal.4th at p. 875.)

After the required period of rehabilitation, a convicted felon "who *has complied* with the requirements of [s]ection 4852.05 may file . . . a petition for ascertainment and declaration of the fact of his or her rehabilitation." (§ 4852.06, italics added.) Section 4852.05 has not been substantively changed from its original 1943 version, and provides "The person shall live an honest and upright life, shall conduct himself or herself with sobriety and industry, shall exhibit a good moral character, and shall conform to and obey the laws of the land." Simply stated, only a petitioner who has complied with the above high standards of living an honest, upright, sober, and industrial life can seek the trial court's assistance in obtaining a pardon from the Governor.

Proceedings begin when a qualified person petitions for a certificate of rehabilitation in the superior court of the county in which he lives. (§ 4852.06; see § 4852.07 [requiring notice to Governor and district attorney in county where petition is filed and petitioner was convicted].) (*Ansell*, *supra*, 25 Cal.4th at p. 875.) "The superior

7

court holds a hearing and considers testimonial and documentary evidence bearing on the petition. (§§ 4852.1, 4852.11.) To this end, the court may compel the production of judicial, correctional, and law enforcement records concerning the crimes of which petitioner was convicted, his performance in custody and on supervised release, and his conduct during the period of rehabilitation, including all violations of the law known to any peace officer. (*Ibid.*) The district attorney may be directed to investigate and report on relevant matters. (§ 4852.12.)" (*Ansell*, *supra,* 25 Cal.4th at p. 875.)

"The court may issue a certificate of rehabilitation if it finds the petitioner is both rehabilitated and fit to exercise the privileges and rights he lost due to his conviction. (§ 4852.13, subd. (a).) . . . The certificate of rehabilitation is then forwarded to the Governor; the Board of Prison Terms [citation]; the Department of Justice; and, if the person has been twice convicted of a felony, the Supreme Court (which, in writing and by a majority, must recommend a pardon before one may be granted). (§§ 4852.14, 4852.16.)" (*People v. Failla* (2006) 140 Cal.App.4th 1514, 1519 (*Failla*).)

If the certificate is issued it serves two functions under the statutory scheme. First, it represents a court ruling "declaring the petitioner has been rehabilitated, and recommending that the Governor grant a full pardon to the petitioner." (§§ 4852.13, subd. (a).) Second, the certificate of rehabilitation "shall constitute an application for a full pardon upon receipt of which the Governor may, without any further investigation, issue a pardon to the person named therein, except that, pursuant to Section 8 of Article V of the Constitution, the Governor shall not grant a pardon to any person twice convicted of felony, except upon the written recommendation of a majority of the judges of the Supreme Court." (§ 4852.16.) "'[T]he pardon decision is discretionary, and rests ultimately with the Governor.' [Citation.]" (*Failla, supra,* 140 Cal.App.4th at p. 1519.)

B. *Abuse of Discretion Standard*

Because the statutory scheme anticipates the trial court making a judicial recommendation to the Governor, it is not surprising that section 4852.13 gives trial

8

courts the express discretion to decide whether "the petitioner has demonstrated by his or her course of conduct his or her rehabilitation and his or her fitness to exercise all of the civil and political rights of citizenship." Indeed, because "[t]he standards for determining whether rehabilitation has occurred are high," and the discretionary decision must be based on the evidence, "[t]here is no circumstance under which the statutory scheme requires or guarantees issuance of a certificate of rehabilitation by the superior court.' [Citations.]" (*Zeigler, supra,* 211 Cal.App.4th at pp. 653-654.)

"The standard test for ascertaining an abuse of that discretion is whether the court's decision exceeded the bounds of reason. [Citations.]" (*People v. Blocker* (2010) 190 Cal.App.4th 438, 444 (*Blocker*).) The court's exercise of discretion "will be overturned only for manifest abuse that results in a miscarriage of justice. [Citations.]" (*Zeigler, supra*, 211 Cal.App.4th at p. 667.) Where the appellant has presented a record that "'merely affords an opportunity for a difference of opinion. An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' [Citation.]" (*In re Marriage of Varner* (1997) 55 Cal.App.4th 128, 138, superceded by statute on other grounds as noted in *Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1144, fn. 7.) As will be discussed in more detail below, we conclude "the signposts of reason were not passed" in this case. (*Blocker, supra*, 190 Cal.App.4th at p. 444.)

*C. Relevant Case Law*

The following cases highlight that a convicted felon has the burden of demonstrating to the trial court's satisfaction the high standards of rehabilitation have been met. Many petitioners who are eligible to petition still *may not* receive a certificate of rehabilitation.

For example, in *Ansell*, *supra,* 25 Cal.4th at page 875, our Supreme Court recognized there was a lack of published cases interpreting the statutory scheme. It summarized the relevant legislative history and considered whether the 1997 amendment

9

to section 4852.01, which excluded persons convicted of certain specified sex offenses from petitioning for a certificate, violated the prohibition against ex post facto laws under the federal and state constitutions (§ 4852.01, subd. (d)). The court concluded the amendment could be applied to deny a certificate of rehabilitation to a person who had committed sex offenses prior to its enactment without violating the ex post facto prohibition. It explained the disabilities from which a certificate can release a convicted felon are civil and "serve vital public interests," and they do not involve punishment for the underlying crime. (*Ansell*, *supra,* 25 Cal.4th at pp. 888-889.) In other words, the certificate of rehabilitation does not involve an additional criminal prosecution or punishment.

Additionally, relevant to the case before us, the Supreme Court rejected defendant's "suggestion that absent section 4852.01, subdivision (d), a certificate of rehabilitation is *necessarily* available to any convicted felon who claims to meet the minimum statutory requirements and is otherwise eligible to apply. As we have explained, the superior court conducts a thorough inquiry into the applicant's conduct and character from the time of the underlying crimes through the time of the certificate of rehabilitation proceeding. [Citation.] The standards for determining whether rehabilitation has occurred are high. [Citation.] The decision whether to grant relief based on the evidence is discretionary in nature. [Citation; see § 4852.13, subd. (a), as amended by Stats. 1996, ch. 129, § 2, eff. July 8, 1996 [clarifying that a certificate of rehabilitation 'may' issue upon the requisite showing of reform].)" (*Ansell, supra*, 25 Cal.4th at p. 887.) The court recognized the certificate of rehabilitation "also serves as a judicial recommendation for a pardon." (*Id.* at p. 891.)

In the *Zeigler* case, defendant filed a petition for a certificate of rehabilitation regarding two prior drug convictions. (*Zeigler, supra,* 211 Cal.App.4th at p. 647.) The district attorney opposed the petition on the grounds it was barred by defendant's most recent nonviolent drug offense. The district attorney maintained that

10

while defendant was entitled to "a record clearance under Proposition 36, that does not change the fact that he broke the law by possessing drugs in 2007." (*Id.* at p. 649.) The trial court granted the petition after determining it could not consider the non-violent drug offense due to defendant's completion of a drug treatment program. The appellate court reversed, explaining, "a Proposition 36 dismissal is not a dismissal for all purposes. Under section 1210.1, former subdivision (d), 'a conviction for a nonviolent drug possession offense is "deemed not to have occurred" for some purposes *but not others*, and a defendant is released from some *but not all* disabilities resulting from that conviction.' [Citation.]" (*Zeigler, supra*, 211 Cal.App.4th at p. 657.)

The court in *Zeigler* concluded, "Unlike section 1210.1, former subdivision (d), which focuses on and limits the use of 'a record pertaining to an arrest or conviction resulting in successful completion of a drug treatment program under' Proposition 36, the statutes governing certificates of rehabilitation have a broader focus and instruct the court to consider the petitioner's conduct throughout the period of rehabilitation. Section 4852.05 provides that to obtain a certificate of rehabilitation, the petitioner 'shall live an honest and upright life, shall conduct himself or herself with sobriety and industry, shall exhibit a good moral character, and shall conform to and obey the laws of the land.'" (*Zeigler, supra*, 211 Cal.App.4th at pp. 662-663.)

In *Zeigler,* the court cited to several sections of the statutory scheme describing the broad scope of evidence a trial court may review. It surmised, "[these many provisions] give trial courts a great deal of discretion in determining the extent of the evidence presented at a hearing on a petition for a certificate of rehabilitation. The court may, but is not required to, order the production of the records listed in section 4852.1. The court may require any testimony it deems necessary, including that of police officers. (§ 4852.11.) The court may, but is not required to, order the district attorney to investigate the petitioner's residence, criminal record, and conduct during the period of rehabilitation and report to the court on such matters. [Citations.] [¶] And once the trial

11

court orders the production of records, or orders a peace officer to testify, or orders a report from the district attorney, persons subject to the court's orders have a mandatory duty to respond to the court. [Citations]." (*Zeigler, supra*, 211 Cal.App.4th at p. 664.) It held, "In view of our construction of section 1210.1 and the statutes governing petitions for certificate of rehabilitation, we conclude that these statutory schemes do not preclude the presentation of evidence of the underlying conduct that led to defendant's arrest and conviction for a nonviolent drug possession offense at the hearing on his petition for a certificate of rehabilitation." (*Zeigler, supra*, 211 Cal.App.4th at p. 666.) It also concluded the court abused its discretion when it granted the petition for a certificate of rehabilitation because defendant engaged in illegal conduct less than seven years prior to the hearing on the petition. (*Id.* at p. 667.)

In *Blocker, supra,* 190 Cal.App.4th at pages 440-441, the court held the trial court may deny a petition for a certificate of rehabilitation when a defendant refused to admit guilt on the underlying offense of assault, battery, and molestation of his stepdaughter. Defendant otherwise appeared to be an ideal candidate for a certificate and "[t]here was no disagreement that since his conviction [defendant] has led a law-abiding and virtually blameless life." (*Id.* at p. 441.) The court reasoned, "'[A]cknowledgement of guilt is a critical first step towards rehabilitation.' [Citations.]" (*Id*. at p. 442.) "This was not any crime, but one whose statistically significant odds of recidivism moved the Legislature to impose the lifetime registration requirement of section 290 . . . . [Citation.] Granting [defendant's] petition would release him from that obligation. [Citations.] This is a consequence that could naturally give a trial court pause. So would the fact that, if it granted [defendant's] petition, the court would be essentially making a personal representation to the Governor that [defendant] was worthy of pardon. [¶] The hurdles erected by the Legislature to obtain a certificate of rehabilitation are not intended to be easily surmounted. The trial courts are entrusted with the responsibility, in the exercise of a sound discretion, to ensure that the strict statutory standards for rehabilitation are

12

maintained. [Citations.] The trial court here had a genuine concern that [defendant's] adamant refusal to admit any criminal culpability was a cloud on [defendant's] claimed rehabilitation. Because we cannot conclude as a matter of law that the trial court's concern was not a legitimate consideration in the exercise of its discretion [citation], we cannot conclude that in denying [defendant's] petition the trial court exceeded the bounds of reason." (*Blocker, supra*, 190 Cal.App.4th at p. 445, fns. omitted.)

## D. *No Abuse of Discretion*

Rodecker argues the court abused its discretion because he presented such a strong case of his rehabilitation. He asserts it was unreasonable for the court to focus on the dismissed DUI arrest and minor traffic infractions in making its ruling. In other words, Rodecker would like this court to hold the trial court "exceeded by bounds of reason" when it failed to solely focus on the favorable evidence. However, we cannot say a miscarriage of justice occurred simply because the trial court considered the evidence presented by the district attorney, especially in a case where defense counsel failed to offer any rebuttal evidence, argument, or explanation to mitigate its relevance.

With respect to the DUI arrest, Rodecker does not assert on appeal the evidence was inadmissible at the hearing on his certificate for rehabilitation.[2] Instead, he asserts the dismissed DUI "suggests there was insufficient evidence that [he] was driving while impaired." This argument was not raised below and suggests the court misused the arrest to find he was guilty of DUI. The record shows the trial court was careful to note it understood the DUI case was dismissed, but nevertheless the arrest record reasonably

---

[2]     We recognize evidence of arrest records are rarely used in prosecutions due to their highly prejudicial nature, but this case involved a non-prosecutorial hearing, in which Rodecker had the burden of convincing the trial court of his full rehabilitation. "[E]vidence of the prior arrest [is] not rendered inadmissible merely because the charges upon which it was based were subsequently dismissed, since the admissibility of evidence of prior misconduct does not require that there be a conviction for this misconduct [Citations.]" (*People v. Stewart* (1966) 241 Cal.App.2d 509, 518; 21 Cal. Jur. 3d Criminal Law: Trial § 547 [effect of lack of formal conviction].)

created an inference Rodecker had not maintained the element of "sobriety" required to obtain a certificate of rehabilitation under section 4852.05.

After careful review of the record, we conclude Rodecker failed to produce any evidence to support the inference the DUI case was dismissed due to lack of sufficient evidence. Rodecker could not have been surprised by the district attorney's evidence because he received the opposition long before the hearing. He did not discuss the circumstances of the arrest and his letters of reference mention every element listed in section 4852.05 except for the "sobriety" factor. When the trial court asked Rodecker at the hearing if he had anything to add to his Petition, his counsel made no reference to any facts or circumstances underlying the DUI arrest. The court had no basis to infer dismissal of the case meant Rodecker was factually innocent. (See *People v. Esmaili* (2013) 213 Cal.App.4th 1449 [magistrate's preliminary hearing order, finding evidence insufficient to bind defendant over for trial and dismissing the complaint, is not a determination of factual innocence under § 851.8, subd. (b), because prosecutor's failure of proof does not mean defendant automatically carried his initial burden of demonstrating factual innocence].) And there is nothing to suggest Rodecker ever sought a factual finding of innocence regarding his DUI arrest. (§ 851.8 [requires law enforcement or a court to determine arrestee is innocent before record can be destroyed or sealed].) In light of this record, we hold the trial court reasonably concluded Rodecker failed to meet his burden of proof on the section 4852.05 element of "sobriety" by failing to comment on the DUI arrest record.

Without citing to any supporting authority, Rodecker asserts the trial court could not rely on the DUI arrest because it occurred more than seven years prior to the hearing. This is not the law. The court must consider Rodecker's rehabilitation from the time of the underlying crime through the time of the hearing. (*Zeigler, supra,* 211 Cal.App.4th at p. 668 [court may review district attorney's investigative report in addition to petitioner's documentary evidence and "conducts a thorough inquiry into the

14

applicant's conduct and character from the time of the underlying crimes through the time of the certificate of rehabilitation proceeding"].)

With respect to the traffic violations, we note Rodecker declared in his Petition, under penalty of perjury, that he had obeyed all laws of the land when this was not true. When given an opportunity to verbally supplement his petition at the hearing, defense counsel failed to discuss Rodecker's run-ins with the police for driving violations. On appeal, Rodecker tells us that he completed traffic school for three of the four driving violations and suggests this mitigates his breaking the law. However, he fails to explain the relevance of traffic school because the violations were not dismissed from his record. (Veh. Code, § 1808.7 [after traffic school some convictions become confidential].) More importantly, he failed to inform the trial court why he believed the traffic infractions for excessive speeding and wrongfully driving in the carpool lane were "minor" and "insignificant."[3] Because Rodecker did not offer any explanation or excuse for the traffic infractions, his argument suggests the court should have known he had a good excuse for breaking the law and therefore abused its discretion. This argument is simply not persuasive.

"The hurdles erected by the Legislature to obtain a certification of rehabilitation are not intended to be easily surmounted." (*Blocker, supra,* 190 Cal.App.4th at p. 445.) The trial court is entrusted with the responsibility "to ensure that the strict statutory standard for rehabilitation are maintained." (*Ibid*.) Because Rodecker offered no evidence or explanation in response to the evidence submitted by

---

[3]      In his reply brief, Rodecker argues minor traffic infractions "do not constitute failure to obey the laws of the land contemplated by the statute." This argument was not raised in the trial court, and he provides no legal authority to support this contention on appeal. If the Legislature had intended to exclude traffic violations it would have expressly done so in the statutory scheme. Without knowing the circumstances surrounding his infractions, it is certainly arguable whether driving at an unsafe speed and exceeding the maximum speed limit of 65 miles per hour are minor offenses.

the district attorney in his opposition, we conclude the trial court could reasonably rely on this information.  The court explained it had legitimate concerns about Rodecker's sobriety and run-ins with police for which there was no contrary evidence provided.  Therefore, we must conclude the trial court did not abuse its discretion in denying Rodecker's Petition.

On a final note, we recognize the court denied the Petition without prejudice and it did not designate a new period of rehabilitation as permitted by statute. (§ 4852.11 [court may determine new period of rehabilitation not to exceed original period of rehabilitation]; *Failla, supra,* 140 Cal.App.4th at p. 1521 [new waiting period commences on date of court's denial of the petition].)  Consequently, Rodecker may file a new petition whenever he is ready.

### III

The order is affirmed.  Rodecker may reapply for a certificate of rehabilitation at any time.


O'LEARY, P. J.

WE CONCUR:


FYBEL, J.


THOMPSON, J.


16