Filed 12/15/15  P. v. Lackey CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061839 |
| v. | (Super.Ct.No. RIC1405744) |
| RONALD DEE LACKEY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Edward D. Webster, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed with directions.

Paul E. Zellerbach, District Attorney, Natalie M. Lough, Deputy District Attorney, for Plaintiff and Appellant.

Law Offices of Robert D. Salisbury and Robert Salisbury for Defendant and Respondent.

1

In 1993, defendant and appellant Ronald Dee Lackey pled guilty to lewd and lascivious acts on a child under 14 years of age. (Pen. Code, § 288, subd. (a).)[1] The trial court sentenced him to 180 days in county jail and five years probation. Defendant asserts he successfully completed that probation in December 1998.

On June 6, 2014, defendant petitioned the trial court for a certificate of rehabilitation. (§§ 4852.01 et seq.) Attached to the petition was a copy of *People v. Tirey* (2014) 225 Cal.App.4th 1150 (*Tirey*), review granted August 20, 2014, S219050, and transferred to the Fourth District Court of Appeal for reconsideration. The *Tirey* court found it violated equal protection principles for the Legislature to absolutely prohibit those convicted of lewd and lascivious behavior with a minor under 14 years old (§ 288, subd. (a)) from obtaining certificates of rehabilitation while appearing to make such certificates available to those convicted of the crime of sexual intercourse with a child 10 years of age or younger (§ 288.7), which is more serious. The People opposed defendant's petition on the ground that he was statutorily ineligible to receive a certificate of rehabilitation. At the hearing on the petition, the trial court indicated it was following *Tirey*, found defendant eligible for a certificate of rehabilitation, and issued the certificate forthwith.

The People appeal from the granting of a certificate of rehabilitation. They argue the equal protection argument accepted in *Tirey* fails because individuals convicted of section 288.7 were and are just as ineligible for certificates of rehabilitation as those

---

[1] Unless otherwise specified, all statutory references are to the Penal Code.

2

convicted of section 288, subdivision (a), such that no unequal treatment exists. We agree, reverse the trial court's granting defendant a certificate of rehabilitation, and remand for entry of an order finding defendant statutorily ineligible for the relief he seeks.

ANALYSIS

"The Penal Code provides a procedure for applying for a certificate of rehabilitation for 'convicted felons who have successfully completed their sentences, and who have undergone an additional and sustained "period of rehabilitation" in California.' (*People v. Ansell* (2001) 25 Cal.4th 868, 875; see also §§ 4852.01, 4852.03.) To obtain the rehabilitation certificate, the statute requires that during the rehabilitation period '[t]he person shall live an honest and upright life, shall conduct himself . . . with sobriety and industry, shall exhibit a good moral character, and shall conform to and obey the laws of the land.' (§ 4852.05.)" (*People v. Failla* (2006) 140 Cal.App.4th 1514, 1518 (*Failla*) [Fourth Dist., Div. Two].)

Some individuals convicted of crimes are statutorily ineligible for certificates of rehabilitation. (§ 4852.01, subd. (d).) Under the version of section 4852.01 that was operative at the time of the hearing on defendant's petition for rehabilitation, these individuals included: "persons serving a mandatory life parole, persons committed under death sentences, persons convicted of a violation of subdivision (c) of Section 286, *Section 288*, subdivision (c) of Section 288a, Section 288.5, or subdivision (j) of Section 289, or persons in military service." (Former § 4852.01, subd. (d), italics added.) The former version of section 4852.01 made no mention of section 288.7.

3

Section 3000.1 describes the circumstances under which a defendant will be subject to mandatory lifetime parole (and therefore also ineligible for a certificate of rehabilitation (§ 4852.01, subd. (d)).  As relevant to this proceeding, the version of section 3000.1 that was in effect when the trial court granted defendant's petition for certificate of rehabilitation imposed lifetime parole on any person convicted of "Section 269 *and* 288.7."  (Former § 3000.1, subd. (a)(2), italics added.)

In 2014, the Legislature revised both sections 4852.01 and 3000.1.  (Stats. 2014, ch. 280.)  Subdivision (d) of section 4852.01 now explicitly excludes persons convicted of section 288.7 from being able to obtain certificates of rehabilitation.  Similarly, section 3000.1 now states that a defendant convicted of "[s]ection 269 *or* 288.7" will be subject to mandatory lifetime parole.  (§ 3000.1, subd. (a)(2).)

Relying on *Tirey*, the trial court found it would violate equal protection to allow a person convicted of sexual intercourse or sodomy with a child 10 years of age or younger (§ 288.7) to obtain a certificate of rehabilitation when persons convicted of lewd and lascivious conduct with a child age 14 or under (§ 288) were completely ineligible for this relief even though their crimes were lesser in nature.  A central premise of this line of reasoning is that the previous version of section 3000.1 imposed lifetime parole only on individuals convicted of *both* section 269 *and* section 288.7.  If a person convicted of section 288.7, alone, was subject to mandatory lifetime parole under the predecessor to subdivision (a)(2) of section 3000.1, then such a person would be statutorily ineligible for a certificate of rehabilitation under the former version of section 4852.01, subdivision (d), and no equal protection issue would arise because individuals convicted of section 288

4

and those individuals convicted of section 288.7 would be treated in exactly the same way.

Having defined the issue as precisely as we can, we now turn to the meaning of the previous version of section 3000.1. We will ordinarily affirm a trial court decision to grant or deny a petition for a rehabilitation certificate "unless there is a clear showing of abuse of discretion." (*Failla*, *supra*, 140 Cal.App.4th at p. 1519.) However, as with any appeal, we exercise independent judgment when interpreting a statute. (See, e.g., *People v. Accredited Surety Casualty Co.* (2014) 230 Cal.App.4th 548, 555 [although abuse of discretion standard ordinarily applies to bail bond forfeiture issues, de novo review applied to purely legal question of statutory interpretation].) We look first to " ' "the words [of section 3000.1] themselves" ' " and, " ' "[i]f the plain, commonsense meaning of a statute's words is unambiguous, the plain meaning controls." ' " (*People v. King* (2006) 38 Cal.4th 617, 622.) If, on the other hand, the statute is reasonably susceptible to multiple interpretations, we look to extrinsic aids, such as legislative history. (*Ibid.*) "Although an expression of legislative intent in a later enactment is not binding upon a court in its construction of an earlier enacted statute, it is a factor that may be considered." (*Cummins v. Superior Court* (2005) 36 Cal.4th 478, 492.)

The People argue the former version of section 3000.1, subdivision (a)(2), imposed mandatory lifetime parole on anyone convicted of either section 288.7 or section 269, or, more concisely, that the word "and" really meant "or" in the relevant context. Respondent does nothing to help us interpret section 4852.01 or section 3000.1; the respondent's brief consists almost entirely of block quotations from *Tirey*, which is no

5

longer citable authority.[2] However, we agree with the People that "and" meant "or" for the reasons we now discuss.

As indicated *ante*, the former version of section 3000.1, subdivision (a)(2), imposed lifetime parole on individuals convicted of "Section 269 *and* 288.7." (Former § 3000.1, subd. (a)(2), italics added.) We do not deny that "and" is most often used in the conjunctive, which would mean that only a person convicted of both section 269 and section 288.7 would have been required to remain on parole for life. Here, however, former section 3000.1, subdivision (a)(2), could reasonably be interpreted to use "and" in the disjunctive, instead. Section 3000.1, subdivision (a)(2), references not only individuals convicted of section 269 and section 288.7, but also "any inmate sentenced to a life term under subdivision (b) of Section 209, if that offense was committed with the intent to commit a specified sexual offense . . . subdivision (c) of Section 667.51, Section 667.71 in which one or more of the victims of the offense was a child under 14 years of age, or subdivision (j), (l), or (m) of Section 667.61." Because lifetime parole is only mandatory for defendants convicted of certain subdivisions of the statutes other than sections 269 or 288.7, or of section 209 with a particular specific intent, the reference to "Section 269 and 288.7" could signify either that a person must have been convicted of

---

[2] Absent exceptions not applicable here, "an opinion of a California Court of Appeal or superior court appellate division that is not certified for publication or ordered published *must not be cited or relied on by a court or a party in any other action*." (Cal. Rules of Court, rule 8.1115(a), italics added.) Although we exercise discretion not to impose any here, continuing to violate this rule is a ground for sanctions. (*People v. Williams* (2009) 176 Cal.App.4th 1521, 1529 ["persistent use of unpublished authority may be cause for sanctions"].)

6

both statutes for the requirement to apply, or that sections 269 and 288.7 are logically connected because those are the only two statutes of which the violation of any subdivision, with any intent, would suffice.

Having identified an ambiguity in former section 3000.1, subdivision (a)(2), we look to extrinsic aids to help us interpret the statute. In particular, we note that the 2014 amendment to sections 4582.01 and 3000.1, which occurred as part of Assembly Bill No. 1438, appears to have originated as a reaction to *Tirey*. An early report about the bill states: "This bill clarifies existing law to ensure that the requirement for a child molester to register as a sex offender continues to be enforced in the same manner as it was prior to the April 2014 *People v. Tirey* decision." (Rep. from Sen. Republican Policy Off., E. Csizmar, analysis of Assem. Bill No. 1438 (2013-2014 Reg. Sess.) as amended June 3, 2014, p. 1.) The same report continues: "This bill seeks to address the unusual decision in *People v. Tirey*[, *supra*, S219050] (G048369), where the court oddly ruled that contextually the word 'and' between two specified crimes meant that a defendant must have been convicted of both offenses rather than either or as was the clear intent of the section. This led to a decision whereby child molesters could be granted a certificate of rehabilitation. This bill addresses that issue by clarifying the language in multiple sections." (*Ibid.*) Elsewhere, the report explains that, "[i]n what appears to be an oversight," mention of section 288.7 was omitted when the Legislature amended section 3000.1 in 2010. (*Id.* at p. 6.) "AB 1438 seeks to close a loophole that allows dangerous criminals to evade their responsibility to register as sex offenders." (*Id.* at p. 7.) The third reading of Assembly Bill No. 1438 also referred to the need to correct the

7

"oversight" that led to *Tirey*. (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1438 (2013-2014 Reg. Sess.), as amended June 3, 2014, p. 4.)

As this subsequent history shows, the Legislature thought of itself as clarifying, rather than changing, the law when it passed Assembly Bill No. 1438 and amended sections 4852.01 and 3000.1. It did so because it deemed the confusing use of the word "and" in section 3000.1, subdivision (a)(2), an oversight. We therefore conclude that "and" was always intended to mean "or," such that a person convicted of section 288.7 was, in fact, subject to mandatory lifetime parole and consequently ineligible for a certificate of rehabilitation when the hearing on defendant's petition occurred. This means no equal protection violation could have arisen if the court deemed defendant statutorily ineligible for a certificate of rehabilitation, because individuals convicted of section 288.7 were treated the same as individuals convicted of section 288 in the relevant context. The trial court erred in finding defendant eligible for a certificate of rehabilitation on equal protection grounds.

Citing *People v. Eckard* (2011) 195 Cal.App.4th 1241 and *In re Thomson* (1980) 104 Cal.App.3d 950, counsel for defendant asserted at oral argument that the Legislature's insertion of section 288.7 into section 4852.01 constitutes a substantial change to the law and therefore cannot operate retrospectively without a clear indication by the Legislature that it was intended to operate as such. This general rule, however, is subject to an exception that is applicable here: when an appellate court issues an opinion, and the Legislature considers that opinion in clarifying the challenged law, we are bound to apply the clarified law in the pending case. (See, e.g., *Western Security Bank v.*

8

*Superior Court* (1997) 15 Cal.4th 232, 243-244; *Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 922–923.)  The legislative history of Assembly Bill No. 1438 reflects that the Legislature viewed the statutory changes effected by that legislation as clarifications necessary in response to *Tirey.*  (Rep. from Sen. Republican Policy Off., E. Csizmar, analysis of Assem. Bill No. 1438 (2013-2014 Reg. Sess.); Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1438 (2013-2014 Reg. Sess.), as amended June 3, 2014, p. 4.)

We therefore reverse the order granting defendant a certificate of rehabilitation and remand the matter back to the trial court.  Any request by defendant for a certificate of rehabilitation is now moot, given the 2014 changes that eviscerated his equal protection contentions.  By pleading guilty to violating section 288, subdivision (a), defendant made himself subject to any later legislative changes that may affect him. (*Doe v. Harris* (2013) 57 Cal.4th 64, 66 ["[T]he general rule in California is that the plea agreement will be ' "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. . . ." ' "].)  This means the law that applies to any further proceedings is the current law, which leaves no room for an equal protection challenge, rather than the law that applied at the time of the hearing that already occurred. Consequently, there is nothing for the trial court to do but to enter an order finding defendant statutorily ineligible for the relief he requested.

## DISPOSITION

The judgment is reversed and remanded. The trial court is instructed to enter an order finding defendant statutorily ineligible for a certificate of rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

10