Filed 8/5/25  P. v. Clayton CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D085021 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CVRI2403616) |
| JESSE EDWARD CLAYTON, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of Riverside County, Samuel Diaz, Jr., Judge.  Reversed and remanded with instructions.

Mytili G. Bala, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

Jesse Edward Clayton appeals an order denying his petition for a certificate of rehabilitation and pardon under Penal Code section 4852.01. Clayton argues—and the People agree—the trial court misconstrued

section 4852.01 by concluding Clayton was statutorily ineligible. He also asserts the trial court committed a reversible error by failing to appoint counsel as required by section 4852.08. Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we accept the People's concession and reverse and remand with instructions.

## I.

According to his petition, in 2012, Clayton was convicted of knowingly possessing child pornography (§ 311.11(a))[1], having knowing contact with a minor to commit a sexual offense (§ 288.3(a)), and attempting to use a minor for obscene material (§§ 664, 311.4(c)). Clayton was released from prison in 2013 and discharged from parole in 2016.

In 2024, Clayton petitioned for a certificate of rehabilitation and pardon. Clayton represented himself in the petition's proceedings. The trial court denied the petition after concluding Clayton was not eligible to petition for relief under section 4852.01(b).

## II.

### A.

Clayton argues the trial court erred because he is eligible to petition for relief under the plain language of section 4852.01(a). The People concede error, and we agree.

The trial court's denial turned on its interpretation of section 4852.01, which is a question of law we review de novo. (*People v. Failla* (2006) 140 Cal.App.4th 1514, 1520.)

---

[1] Though the appellate record is unclear whether Clayton was convicted of section 311.11 or section 311.4, the outcome of this appeal is the same regardless.

Under section 4852.01(a), "a person convicted of a felony may file a petition for a certificate of rehabilitation and pardon." But the statute excludes certain individuals. Relevant here, subdivision (b) restricts eligibility for those convicted of "a felony violation of any sex offense specified in [s]ection 290 *who [are] granted probation.*" (*Id.*, subd. (b), italics added.)

Clayton argues, and the People concede, he is eligible to petition for relief under section 4852.01(a). Although he was convicted of a sex offense felony under section 290, he was sentenced to prison, not probation. As a result, any restrictions in subdivision (b) do not apply to him. (§ 4852.01(b).) By the statute's plain language, Clayton is thus eligible to petition for a certificate of rehabilitation and pardon under subdivision (a). (§ 4852.01(a).)

Because we perceive no ambiguity in the statute, the plain meaning governs. (*Failla*, 140 Cal.App.4th at p. 1520.) Consequently, we do not need to turn to any other interpretive aids. (*Id.* at pp. 1520-1521.)

Given Clayton's eligibility to petition for certification of rehabilitation and pardon, the trial court erred in concluding otherwise. As this appeal addresses only Clayton's eligibility to petition, we express no opinion regarding the outcome of the merits of his petition on remand.

B.

Clayton argues reversal is also required because the trial court failed to appoint counsel as required under section 4852.08. Because we are reversing on another ground, we do not need to reach this issue. On remand, however, the trial court must ensure Clayton is afforded his statutory right to assigned counsel. (See § 4852.08.)

III.

We reverse and remand the order denying Clayton's petition for a certificate of rehabilitation and pardon. On remand, the trial court shall

3

consider Clayton's petition on the merits and proceed under the directives of section 4852.01 et seq., including the right to counsel under section 4852.08.


CASTILLO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


RUBIN, J.