Filed 7/21/15  P. v. Gonzalez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060942 |
| v. | (Super.Ct.No. FELRS1303880) |
| MARIO ALBERT GONZALEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Stanford E. Reichert, Judge.  Affirmed.

Law Offices of Robert D. Salisbury and Robert Salisbury for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Collette C. Cavalier and Kristen A. Hernandez, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 1988, defendant and appellant Mario Albert Gonzalez pled guilty to sexual penetration with a foreign object. (Pen. Code, § 289, subd. (a)).[1] The trial court sentenced him to eight years in state prison, consisting of a three-year term for the section 289 offense and a five-year enhancement for causing great bodily injury (former § 12022.8). Defendant was also required to register as a sex offender. (§ 290.) After completing his sentence, defendant was discharged from state prison, and he was released from parole in January 1995.

On November 20, 2013, defendant petitioned the trial court for a certificate of rehabilitation. (Pen. Code, §§ 4852.01 et seq.) The trial court denied the request, finding defendant ineligible because he had been arrested for possession of a controlled substance in 2008. (Health & Saf. Code, § 11364, subd. (a).)

On appeal, defendant contends that the trial court abused its discretion because the 2008 arrest did not lead to a conviction and, in fact, the charges that were filed in relation to the arrest were dismissed in the interests of justice prior to trial. We disagree with his position and affirm the judgment.

---

[1] Unless otherwise specified, all statutory references are to the Penal Code.

## FACTUAL[2] AND PROCEDURAL BACKGROUND

In the 1988 trial court proceedings, defense counsel indicated that defendant had no recollection of the offense because he had committed it after ingesting PCP.  The victim was defendant's common-law wife.  In support of a request that defendant be committed to the California Rehabilitation Center (CRC) for drug treatment instead of sentenced to state prison, defense counsel asserted that the victim was also "involved in drugs," and that defendant felt "tremendous remorse" for what he had done.  The prosecutor responded that she knew that the victim required reconstructive surgery after the assault, that she had lost all bladder control, and that her injuries left her unable to conceive.  The trial court denied the request for commitment to CRC "by reason of [his] prior record . . . of criminality"; at the time, defendant had at least nine prior convictions.

At a January 9, 2014 hearing on defendant's petition for a certificate of rehabilitation, the trial court ordered the San Bernardino County District Attorney Bureau of Investigations to prepare an investigation report.  On January 30, 2014, defendant executed, under penalty of perjury, an "applicant questionnaire" provided by the bureau of investigations.  In that document, he attested that his 2008 arrest was for either

---

[2] The People omitted a factual recitation from the respondent's brief and instead assert that the record contains no facts regarding the underlying offense.  However, the clerk's transcript on appeal contains the transcripts of the hearings at which defendant pled guilty and was sentenced.  At those hearings, the prosecutor and defense counsel made statements about the facts of the underlying offense.  As these transcripts appear to have been attached as exhibits to defendant's petition, we assume they were before the trial court when it denied the petition.  We therefore briefly summarize what counsel said about the offense at the plea and sentencing hearings.

"possession of item" or "possession of mis. item." He also indicated that the disposition of the 2008 case was either "cleared' or "dismissed." Defendant provided no additional details about the 2008 arrest or the disposition of the case that followed it. He did, however, offer a description of the events that led to the nine convictions he acquired before committing the underlying offense. He apologized for not remembering any details about some of these but indicated that others were the result of drug use.

The bureau of investigations report disclosed that defendant was arrested for possession of a controlled substance on June 8, 2008, that charges were filed, and that the case was dismissed. The report concluded that defendant was ineligible for a certificate of rehabilitation because the 2008 arrest showed that he had failed to "conform to and obey the laws of the land" in the 10 years before the petition was filed.

On March 19, 2014, the trial court adjudicated defendant's petition for certificate of rehabilitation. Defendant was present, and the attorney representing him presented no argument or evidence. The prosecutor confirmed that the 2008 arrest led to misdemeanor charges under Health & Safety Code section 11364 and that the case had been dismissed. However, she also indicated she did not know "if he did PC 1000[3] or some such thing like that." The trial court adopted the recommendation of the bureau of investigations without further comment and denied the petition.

---

[3] Section 1000 et seq. allows for deferred entry of judgment for certain drug-related offenses, provided the defendant completes an approved drug rehabilitation program after pleading guilty.

4

ANALYSIS

Defendant argues the trial court abused its discretion by refusing to issue a certificate of rehabilitation because he had proved his good moral character and compliance with the law. As we explain *post*, we are unpersuaded.

"The Penal Code provides a procedure for applying for a certificate of rehabilitation for 'convicted felons who have successfully completed their sentences, and who have undergone an additional and sustained "period of rehabilitation" in California.' (*People v. Ansell* (2001) 25 Cal.4th 868, 875; see also §§ 4852.01, 4852.03.) To obtain the rehabilitation certificate, the statute requires that during the rehabilitation period '[t]he person shall live an honest and upright life, shall conduct himself . . . with sobriety and industry, shall exhibit a good moral character, and shall conform to and obey the laws of the land.' (§ 4852.05.)" (*People v. Failla* (2006) 140 Cal.App.4th 1514, 1518 (*Failla*) [Fourth Dist., Div. Two].) The person seeking a certificate of rehabilitation bears the burden of proving he or she meets this standard. (§ 4852.13, subd. (a).)

"The hurdles erected by the Legislature to obtain a certificate of rehabilitation are not intended to be easily surmounted." (*People v. Blocker* (2010) 190 Cal.App.4th 438, 445 (*Blocker*).) For example, the fact that a decision to grant a certificate of rehabilitation often results in the cancellation of sex offender registration requirements (§ 290.007) "is a consequence that could naturally give a trial court pause." (*Blocker*, at p. 445.) Similarly, a refusal to admit liability for an underlying offense may, even standing alone, support a trial court's denial of a petition for certificate of rehabilitation. (*Id.* at pp. 444-445.)

5

"The decision whether to grant or deny a petition for a rehabilitation certificate rests in the sound discretion of the trial court, and the court's ruling will not be disturbed on appeal unless there is a clear showing of abuse of discretion." (*Failla*, *supra*, 140 Cal.App.4th at p. 1519.)  In exercising discretion to determine whether a person seeking a rehabilitation certificate has proved he or she has "obey[ed] the laws of the land" (§ 4852.05), a trial court may consider evidence of the conduct underlying a nonviolent drug offense even when the resulting prosecution has been dismissed because the defendant had successfully completed a Proposition 36 drug treatment program.  (*People v. Zeigler* (2012) 211 Cal.App.4th 638, 664-666 (*Zeigler*).)

In this case, defendant failed to meet his burden of proving he had become rehabilitated for the following reasons.  First, defendant admitted committing a sex offense that carried with it a lifetime sex offender registration requirement.  That registration requirement could be nullified if the trial court granted the petition for certificate of rehabilitation.  In addition, the prosecutor at the 1988 sentencing hearing described the victim's injuries as particularly grievous.  These factors cut in favor of proceeding cautiously on defendant's petition for a certificate of rehabilitation.

Second, defendant minimized his 2008 arrest in his applicant questionnaire by indicating he had been arrested for possession, not of a controlled substance, but of an unidentified item.  This may well have indicated to the trial court that defendant was not taking full responsibility for his actions, such that he was not living "an honest and upright life" (§ 4852.05) when the petition was adjudicated.

Furthermore, both the underlying offense and the 2008 arrest related to defendant's drug use.  Since defendant admitted his drug use had been a factor in the

6

underlying offense and multiple other convictions, evidence that he was arrested for possession of a controlled substance as late as 2008 may have indicated that he had not fully rehabilitated.

Defendant asserts the trial court could not have relied on his 2008 arrest for possession of a controlled because due process principles only allow a court to consider arrests leading to convictions. He cites no authority for this proposition and instead insists in his briefs that police officers "make bad arrests ALL THE TIME." The reasoning in *Ziegler* allows us to briefly dispose of this argument.

As we have indicated, in *Ziegler*, the court considered whether it was proper for a trial court to receive evidence of the conduct underlying a nonviolent drug offense that had been dismissed due to a successful diversion under Proposition 36. (*Zeigler*, *supra*, 211 Cal.App.4th at p. 646.) This issue arose because the version of section 1210.1, subdivision (d), that was operative at the time stated that records pertaining to such a Proposition 36 arrest or conviction " 'may not, . . . , be used in any way that could result in the denial of any . . . certificate.' " (*Id.* at p. 645 [see *Id.* at p. 648, fn. 2, for an explanation of the version of the statute that was used].) The court emphasized that section 4582.11 requires a peace officer, upon request from a trial court faced with a petition for certificate of rehabilitation, to report not just convictions, but " '*all violations of law* committed by [the] petitioner which may come to his knowledge.' " (*Id.* at p. 666, quoting section 4585.11.) Therefore, the trial court could consider the criminal conduct of the person petitioning for a certificate of rehabilitation, even if it could not consider a conviction resulting from that conduct.

7

The same reasoning applies here. Section 4852.05 requires defendant to "live an honest and upright life," and to "conform to and obey the laws of the land." It does not state that he must be free of convictions. As in *Ziegler*, the contention that the trial court can only rely on an arrest that resulted in a conviction has no support in the statutes that create the procedure defendant used to request a certificate of rehabilitation.

Disposing of defendant's final contention on appeal, we assign little significance to the fact that the 2008 case against him was dismissed. As the prosecutor noted at the March 19, 2014 hearing on defendant's petition for certificate of rehabilitation, the dismissal may have occurred for reasons other than a determination that the charge was unfounded. For example, defendant could have obtained deferred judgment for a nonviolent drug offense, which would not count as a conviction. (§§ 1000.1, subd. (d), 1210.1, subd. (d).) It is also possible that the People were unable to locate a necessary witness or that some other formal evidentiary defect caused the dismissal even though defendant did in fact violate the law by possessing a controlled substance.

In any event, defendant, who disclosed the 2008 arrest in his applicant questionnaire, had an opportunity to explain the facts of the arrest, prosecution, and subsequent disposition. He nonetheless failed to provide any details in the applicant questionnaire or to offer any evidence showing that the 2008 charge lacked factual support. (See *People v. Lockwood* (1998) 66 Cal.App.4th 222, 228 [trial court may consider, among other things, "any documentary evidence a petitioner presents"].)

Defendant bore the burden of proof on his petition. (Pen. Code, § 4852.13, subd. (a); Evid. Code, § 500.) He can therefore hardly complain that the trial court abused its discretion when he failed to present the trial court with all information it would

8

need to decide the extent to which the 2008 arrest constitutes proof that defendant did not remain free of violations of law for the 10 years before he requested a certificate of rehabilitation.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
P. J.

We concur:

McKINSTER _____
J.

KING _____
J.