Filed 10/2/20  P. v. Gonzalez CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MIGUEL ANGEL GONZALEZ,<br><br>    Defendant and Appellant. | H047079<br>(Monterey County<br> Super. Ct. No. SS101065A) |

Defendant Miguel Angel Gonzalez appeals from the trial court's denial of his petition for resentencing under Proposition 36 (Pen. Code, § 1170.126).[1]  He contends that the trial court erroneously denied his petition after it determined that he posed a risk to public safety at the time of the resentencing hearing.  Gonzalez argues that the trial court failed to consider that he would not have been immediately eligible for release had his petition been granted.  We reverse and remand with directions.

**BACKGROUND**

### 1. Gonzalez's Third Strike Sentence

"[Gonzalez], an inmate at Salinas Valley State Prison, approached a correctional officer in the yard on January 29, 2010, complaining of abdominal pain.  [Gonzalez] told the officer he needed to go see a doctor.  [Gonzalez] was taken to the prison's treatment facility, where he told a nurse that he placed something in his rectum a few days earlier.  An x-ray was taken at the treatment facility, which revealed what was described as a

---

[1] Unspecified statutory references are to the Penal Code.

wrapped 'dark object' containing metal.  [Gonzalez] was transferred to Natividad Medical Center in Salinas, California.

"There, he informed medical personnel that the object he had lodged earlier in his rectum had shifted, causing pain.  The treating doctor performed a colonoscopy on [Gonzalez], and was able to remove the wrapped object.  The item was approximately five inches in length and a half an inch wide.  At trial, correctional officers testified that the object was plastic with a metal tip sharpened at one end, which could be used as a stabbing weapon."[2]

On July 20, 2011, a jury convicted Gonzalez of possession of a weapon by a prisoner (§ 4502, subd. (a)).  After Gonzalez admitted two prior strike convictions, the trial court sentenced him to an indeterminate term of 25 years to life under the Three Strikes law.

Gonzalez's two strike priors were for offenses that resulted in criminal convictions in 2008.  First, he was convicted of second degree robbery with an enhancement for personal use of a weapon (§§ 211, 12022, subd. (b)(1)).  Second, he was convicted of assault with a deadly weapon with enhancements for personal infliction of great bodily injury and for committing the offense for the benefit of a criminal street gang (§§ 245, subd. (a)(1), 12022.7, subd. (a), 186.22, subd. (b)(1)).  In addition to these two strikes, Gonzalez was also convicted in 2008 of two more counts of assault with a deadly weapon (§ 245, subd. (a)(1)).  He was sentenced in March 2008 to an aggregate term of 12 years in prison that was limited to 15 percent custody credits.

---

[2] We recite the facts of Gonzalez's offense from our opinion in his prior appeal, *People v. Gonzalez* (Feb. 27, 2013, H037851 [nonpub. opn.]).  We granted Gonzalez's request to take judicial notice of the record in that appeal and his other prior appeal in *People v. Gonzalez* (Oct. 8, 2015, H040708 [nonpub. opn.]).  (Evid. Code, §§ 452, 459.)

## 2. The Petition for Resentencing and Prior Appeal

On June 4, 2013, Gonzalez filed a petition for resentencing under section 1170.126, which the trial court denied by written order after determining that he was ineligible because he was "armed with a deadly weapon" within the meaning of section 1170.126, subdivision (e)(2). Gonzalez appealed the trial court's denial of his petition, and this court reversed and remanded the matter back to the trial court with directions to set a hearing on the question of whether resentencing Gonzalez would pose an unreasonable risk of danger to public safety as set forth under section 1170.126, subdivision (f). (*People v. Gonzalez* (Oct. 8, 2015, H040708) [nonpub. opn.].)

## 3. The Trial Court's Denial Following Remand

On remand, the prosecutor opposed Gonzalez's petition for resentencing. The prosecutor's opposition summarized Gonzalez's criminal history, which included juvenile adjudications and offenses that he committed as an adult between 2007 and 2008. The opposition also summarized Gonzalez's prison disciplinary violations, which included a 2008 violation for possessing a gang "kite," a 2010 violation for attacking another inmate with his fists, and multiple violations in 2011 for having cell phones secreted in his rectum. More recently, Gonzalez was involved in inmate fights in 2016 and 2017. While incarcerated, Gonzalez participated in various rehabilitation programs and obtained his GED in 2017. The prosecutor's opposition contained no discussion of when Gonzalez would be released from prison if resentenced, and Gonzalez did not file a response to the opposition.

On June 28, 2019, the trial court denied Gonzalez's petition for resentencing. During the hearing, the trial court stated that it believed that it was "the People's burden to prove by a preponderance that the defendant is an unreasonable risk to public safety *at present*." (Italics added.) There was no discussion about when Gonzalez would be released from prison if his petition were granted. At the hearing's end, the trial court stated, "[T]he analysis of the factors overall leads the Court to believe by a

3

preponderance of the evidence, the defendant is *at this time* a reasonable [*sic*] risk to public safety." (Italics added.)

**DISCUSSION**

Gonzalez argues that the trial court abused its discretion by denying his section 1170.126 petition because it did not consider when he would be released from prison when determining whether he posed an unreasonable risk of danger to public safety. As we explain below, we agree and reverse the trial court's denial of his petition for resentencing.

1. **Overview of Proposition 36**

On November 6, 2012, voters passed Proposition 36, which amended sections 667 and 1170.12 and added section 1170.126. Under the amendments to sections 667 and 1170.12, a person who has two or more prior serious strikes must be sentenced to an indeterminate term of 25 years to life, except as provided under section 1170.12, subdivision (c)(2)(C) and section 667, subdivision (e)(2)(C). (§ 1170.12, subd. (c)(2)(A).) Section 1170.12, subdivision (c)(2)(C) and section 667, subdivision (e)(2)(C) mandate that a person who has two or more strikes but whose current felony is not a serious or violent felony as defined under section 667, subdivision (d) and section 1170.12, subdivision (b), must be sentenced as a second strike offender. For a second strike offender, the determinate term or minimum term for an indeterminate term for an underlying offense shall be "twice the term otherwise provided as punishment for the current felony conviction." (§ 1170.12, subd. (c)(1); § 667, subd. (e)(1).)

Section 1170.126 applies to those "persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).) Section 1170.126

4

sets forth a procedure through which certain prisoners can petition the court for resentencing.

First, an eligible petitioner as described under section 1170.126, subdivision (e) must file a petition for recall of sentence as described under section 1170.126, subdivision (b). Next, section 1170.126, subdivision (f) provides that the trial court shall resentence a petitioner that has satisfied the criteria set forth in section 1170.126, subdivision (e) unless the court, "in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

When determining if resentencing a petitioner would pose an unreasonable risk to public safety, the court may consider the petitioner's disciplinary record while incarcerated, the petitioner's criminal history, the petitioner's prior prison commitments, the remoteness of the crime, and any other relevant factors. (§ 1170.126, subd. (g).)

2. **Standard of Review**

" ' "[T]he trial court's construction of a statute is purely a question of law and is subject to de novo review on appeal." ' " (*People v. Failla* (2006) 140 Cal.App.4th 1514, 1520.) "Our first task is to examine the language of the statute enacted as an initiative, giving the words their usual, ordinary meaning. [Citations.] If the language is clear and unambiguous, we follow the plain meaning of the measure. [Citations.] '[T]he "plain meaning" rule does not prohibit a court from determining whether the literal meaning of a measure comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute.' " (*People v. Canty* (2004) 32 Cal.4th 1266, 1276.)

Under section 1170.126, the determination that resentencing a prisoner would pose an unreasonable risk of danger to public safety is a discretionary one. (*People v. Buford* (2016) 4 Cal.App.5th 886, 895.) We therefore review the trial court's determination of dangerousness for an abuse of discretion, and the determination may not be disturbed on

5

appeal unless there is a showing that the trial court's decision was arbitrary, capricious, or patently absurd. (*Ibid.*)

   3. **Analysis**

On appeal, Gonzalez argues that the trial court erroneously failed to consider his probable future release date when it made its determination that resentencing him would pose an unreasonable risk of danger to public safety.

The California Supreme Court has held that determining whether a petitioner poses an unreasonable risk of danger to public safety requires a count-by-count analysis. (*People v. Johnson* (2015) 61 Cal.4th 674.) *Johnson* held that a prisoner who has been convicted of both a serious or violent felony and a felony that is not serious or violent is eligible for resentencing on the count that is not serious or violent. (*Id.* at p. 679.) In coming to this conclusion, *Johnson* observed that "[b]ecause an inmate who is serving an indeterminate life term for a felony that is serious or violent will not be released on parole until the Board of Parole Hearings concludes he or she is not a threat to the public safety, resentencing with respect to another offense that is neither serious nor violent does not benefit an inmate who remains dangerous." (*Id.* at p. 695.)

Relying on the reasoning set forth in *Johnson*, the Third Appellate District in *People v. Williams* (2018) 19 Cal.App.5th 1057 (*Williams*) held that "[d]etermining whether resentencing a defendant poses an unreasonable risk of danger to society is necessarily a forward-looking inquiry." (*Id.* at p. 1063.) In *Williams*, the defendant was sentenced to a total term of 193 years to life for various criminal offenses. (*Id.* at p. 1060.) The defendant filed a section 1170.126 petition for resentencing. If the petition had been granted, the defendant would have been released at the earliest in 2039, when he was 77 years old. (*Williams*, *supra*, at p. 1060.) The trial court denied the petition after determining that resentencing the defendant posed an unreasonable risk of danger to public safety. (*Id.* at p. 1061.)

6

On appeal, the defendant argued that the dangerousness question concerned " 'dangerousness far in the future' " because granting his petition would at best grant him the possibility of parole 24 years from the date of the hearing. (*Williams, supra,* 19 Cal.App.5th at p. 1062.)[3] The Third Appellate District agreed, concluding that "[w]hen determining whether resentencing poses an unreasonable risk of danger, the trial court must look to when a defendant would be released if the petition is granted and the defendant is resentenced. A defendant who would obtain immediate release if the petition is granted poses a different potential danger to society than a defendant who could be released only in his or her 70's." (*Id.* at p. 1063.) The *Williams* court observed that granting the defendant's resentencing petition would not result in his immediate release and "the dangerousness determination would be deferred until defendant was 77 and would be vested in the Board of Parole Hearings." (*Ibid.*) In such a situation, "[r]esentencing poses significantly less danger to society if it is contingent on a finding at some future date that the defendant no longer poses a threat to society." (*Id.* at pp. 1063-1064.)

The trial court in *Williams*, however, did not ascertain which of the defendant's convictions were eligible for resentencing. (*Williams, supra,* 19 Cal.App.5th at p. 1063.) Thus, "it could not, and did not, consider what effect granting the petition would have on defendant's ultimate sentence." (*Ibid.*) Accordingly, the Third District determined that "[t]he trial court's failure to consider when, if ever, defendant would be released if the petition was granted was an abuse of discretion." (*Id.* at p. 1064.) Thereafter, it reversed and remanded the matter back to the trial court for it to first determine which of the defendant's crimes were eligible for resentencing and then to determine whether

---

[3] The *Williams* defendant was serving a " 'nonnegotiable' " term of 43 years to life in addition to the indeterminate life term that was eligible for resentencing. (*Williams, supra,* 19 Cal.App.5th at p. 1060.)

resentencing the defendant would pose an unreasonable risk of danger to public safety. (*Ibid.*) The Third Appellate District specifically instructed the trial court on remand to "take into account when defendant could be released if the petition is granted and whether that release is contingent on considerations of public safety." (*Ibid.*)

Like the *Williams* defendant, Gonzalez would not have been immediately eligible for release had the trial court granted his petition for resentencing. Gonzalez was sentenced on July 15, 2008, to a 12-year term. At that time, the trial court awarded Gonzalez with 114 days of custody credit, and Gonzalez was required to serve 85 percent of his sentence, a term of approximately 10.2 years. Thus, Gonzalez would have completed serving his determinate 12-year term sometime in 2018. A violation of section 4502, subdivision (a), Gonzalez's life crime, carries a punishment of "two, three, or four years" to be served consecutive to any prior sentence. (*Ibid.*) Had the trial court granted Gonzalez's petition for resentencing, Gonzalez would have been sentenced as a second strike offender, which requires a determinate term of "twice the term otherwise provided as punishment for the current felony conviction" (§ 1170.12, subd. (c)(1); § 667, subd. (e)(1)), or a term of imprisonment of either four, six, or eight years for his current offense, to be served consecutive to the determinate 12-year sentence that he would have completed serving in 2018.[4]

---

[4] In his opening brief, Gonzalez argues that if his petition for resentencing had been granted, he would have been resentenced to one-third of the midterm of three years, doubled, for his violation of section 4502, subdivision (a), citing sections 1170.1, 667, and 1170.12. Gonzalez mistakenly assumes that his sentence for violating section 4502, subdivision (a), which he committed while incarcerated in state prison, is a subordinate term to his 2008 sentence as described under section 1170.1, subdivision (a). Section 1170.1, subdivision (c), not subdivision (a), applies to felonies committed when a defendant is confined in a state prison. " 'The statutory scheme makes clear that such felonies, i.e., those felonies committed in prison, are exempt from the general sentencing scheme. [Citation.] A sentence under subdivision (c) is longer than a sentence imposed under subdivision (a) because the in-prison offenses are fully consecutive to the sentence for the offense for which the defendant was in prison. Using sentencing jargon, "the
(continued)

Here, the record reflects that the trial court did not consider when Gonzalez would have been released from prison had his petition for resentencing been granted.[5]  The trial court expressly concluded that Gonzalez was not entitled to resentencing because he was an unreasonable risk of danger to public safety "at this time."  In other words, the trial court determined that Gonzalez posed a risk of danger to public safety in 2019, and did not consider whether *resentencing* Gonzalez as a second strike offender posed a risk of danger to public safety.

We agree with *Williams* that the trial court must take into consideration *when* a prisoner will be released when making its dangerousness determination.  (*Williams*, *supra*, 19 Cal.App.5th at p. 1063.)  Our interpretation is supported by the plain language of section 1170.126, subdivision (f), which requires a prisoner be resentenced unless "resentencing . . . would pose an unreasonable risk of danger to public safety."  It follows that if resentencing Gonzalez as a second strike offender would result in his release at a future date, the trial court's determination of whether resentencing him poses a risk to public safety as described under section 1170.126, subdivision (f) must take this probable

---

in-prison offense is treated as a new principal term rather than a subordinate term to the out-of-prison offense." ' " (*In re Coleman* (2015) 236 Cal.App.4th 1013, 1019.)  Had Gonzalez been resentenced, his violation of section 4502, subdivision (a) would have been sentenced as if it were a new principal term under section 1170.1, subdivision (c). (See *People v. Mosley* (2007) 155 Cal.App.4th 313, 328 [violation of § 4502, subd. (a) can be a subordinate term under § 1170.1, subd. (a) if defendant was not confined in state prison at time of offense].)

[5] In his reply brief, Gonzalez argues that if his sentence is recalled under section 1170.126, the trial court may reconsider the discretionary decisions made by the trial court that imposed his 2008 determinate sentence.  Although we agree with Gonzalez that recalling a sentence permits the trial court to reconsider all the components of the sentence (*People v. Garner* (2016) 244 Cal.App.4th 1113, 1118), "[d]iscretionary decisions of the judges in the previous cases may not be changed by the judge in the current case" (Cal. Rules of Court, rule 4.452(a)(3)).

9

future release date into account. Thus, the trial court abused its discretion when it denied his petition for resentencing.

## DISPOSITION

The order denying the petition for resentencing is reversed and the case is remanded for the trial court to reconsider defendant's petition in a manner consistent with this opinion.

_____

                              Premo, Acting P.J.

WE CONCUR:


_____

        Elia, J.


_____

        Danner, J.


People v. Gonzalez
H047079