Filed 5/2/22  P. v. Hilliard CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077295 |
| v. | (Super.Ct.No. FELVS1900014) |
| JAMES PATRICK HILLIARD, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Lisa M. Rogan, Judge.  Reversed and remanded with directions.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

James Patrick Hilliard appeals from an order denying his petition for a certificate of rehabilitation under Penal Code sections 4852.01 and 4852.06. (Undesignated statutory references are to this code.) We reverse and remand for further proceedings.

BACKGROUND

In March 2021, Hilliard filed a petition for a certificate of rehabilitation from a 2006 misdemeanor conviction of possessing child pornography under section 311.11.[1] Hilliard attached to the petition a college transcript and numerous letters of character reference.

In 2006, Hilliard was sentenced to 10 days in jail and 36 months of probation for violating section 311.11. Two other charges against him were dismissed, namely, one count of engaging in lewd and lascivious conduct with a child under 14 years old in violation of section 288, subdivision (a), and one count of sending harmful matter via email to a minor with the intent to seduce the minor in violation of former section 288.2, subdivision (b).

In his petition for a certificate of rehabilitation, Hilliard alleged that he completed probation in August 2009. In April 2019, the conviction was set aside and dismissed pursuant to section 1203.4.

In response to Hilliard's petition, the trial court ordered the district attorney's office to investigate as set forth in section 4852.12. The investigator discovered that Hilliard had suffered other misdemeanor convictions. In 2015, Hilliard was convicted of

---

[1] Hilliard filed a similar petition in December 2019. The parties mutually agreed to have the matter taken off calendar, and the trial court took no action on the petition.

one misdemeanor count of reckless driving under Vehicle Code section 23103, subdivision (a), for which he was sentenced to 20 days in jail and 36 months of probation. In 2017, that conviction was dismissed and set aside under section 1203.4. In 2015, Hilliard was convicted of one misdemeanor count of disturbing the peace under section 415, subdivision (2), for which he was sentenced to three days in jail and 24 months of probation. In 2016, that conviction was dismissed and set aside under section 1203.4. The report does not contain any information regarding the crimes' underlying conduct.

The investigator concluded that Hilliard was not eligible for a certificate of rehabilitation until after July 29, 2022. The investigator did not explain how that date was calculated.

In June 2021, the trial court held a hearing on Hilliard's petition. Defense counsel represented that in 2006 Hilliard pled guilty to the misdemeanor child pornography possession offense. (The record on appeal does not indicate that Hilliard's conviction was by plea and does not contain the plea agreement or a transcript from the hearing in which Hilliard pled guilty.) Defense counsel argued that Hilliard became eligible for a certificate of rehabilitation in September 2013, 10 years after he was released from custody for the 2006 conviction. (Apparently Hilliard was charged, briefly incarcerated, and released in 2003 but was not convicted until 2006.) Defense counsel also argued that the trial court should grant the petition because the good Hilliard had done since being convicted outweighed the bad. In particular, defense counsel claimed that Hilliard has obtained a master's degree, financially assists and takes care of his mother, volunteers to

feed the homeless, and attends church. Counsel found it noteworthy that all of Hilliard's subsequent convictions were misdemeanors that were later set aside and dismissed and that Hilliard "never picked up any other [section] 290-related charges." Counsel represented that in a 2003 section 288.1 report, the reporting doctor opined that Hilliard did not meet any of the criteria of a child molester or a pedophile and that rehabilitation was feasible. The report was submitted to the court, but it is not included in the record on appeal. Counsel argued that the doctor's opinions remain true.

The People countered that Hilliard was not eligible for a certificate of rehabilitation because of his subsequent misdemeanor convictions. The People also argued, "I'm not sure how he got a [section] 1203.4 on this case because he wouldn't be eligible."

After considering all of the documentary evidence and argument by counsel, the trial court denied the petition. The court explained: "The first hurdle the Court has a problem with is the initial [section] 1203.4 dismissal by law. This case and the charge of [section] 311.11 does not qualify for such a dismissal. Moreover, the requirements for rehabilitation and pardon require me to consider the 1203.4 section. In considering that section, finding that this case—that the [section] 311.11 specifically listed in [section] 1203.4 is not eligible, the Court cannot then usurp a legal boundary that I'm required to abide by. [¶] I do applaud the defendant for all of his efforts and the progress he has made. But given the subsequent conviction, and most certainly the legal bounds that I'm

constrained by, the Court is not going to grant the motion, finding the defendant ineligible for the relief requested."

## DISCUSSION

Hilliard argues that the trial court erred by concluding that he was ineligible for a certificate of rehabilitation, because that conclusion was based on the court's incorrect determination that Hilliard had erroneously been granted relief under section 1203.4. We agree.

A person convicted of specified misdemeanor sex offenses, including a violation of section 311.11 (§ 290, subd. (c)(1)), may qualify for a certificate of rehabilitation if certain criteria are satisfied. (§ 4852.01, subd. (b).) The trial court holds a hearing and considers documentary evidence bearing on the petition and "may require testimony as it deems necessary." (§ 4852.1; *People v. Ansell* (2001) 25 Cal.4th 868, 875 (*Ansell*).) "To this end, the court may compel the production of judicial, correctional, and law enforcement records concerning the crimes of which petitioner was convicted, his performance in custody and on supervised release, and his conduct during the period of rehabilitation, including all violations of the law known to any peace officer." (*Ansell*, *supra*, at p. 875.)

For the petitioner to qualify for a certificate of rehabilitation, the conviction must have been expunged under section 1203.4, and the petitioner must demonstrate that he or she "has not been incarcerated in a prison, jail, detention facility, or other penal institution or agency since the dismissal of the accusatory pleading, is not on probation

5

for the commission of any other felony, and the petitioner presents satisfactory evidence of five years' residence in this state prior to the filing of the petition." (§ 4852.01, subd. (b).) The minimum period of rehabilitation also must have expired. (§ 4852.06.) "The period of rehabilitation commences upon the discharge of the petitioner from custody due to his or her completion of the term to which he or she was sentenced or upon his or her release on parole, postrelease community supervision, mandatory supervision, or probation, whichever is sooner." (§ 4852.03, subd. (a).) For every petitioner, the period of rehabilitation is five years' residence in California. (*Ibid.*) An additional five years is added for those convicted of a sex offense requiring sex offender registration under section 290 (§ 4852.03, subd. (a)(2)(A)), including a conviction under section 311.11 (§ 290, subd. (c)(1)).

During the period of rehabilitation, the petitioner "shall live an honest and upright life, shall conduct himself or herself with sobriety and industry, shall exhibit a good moral character, and shall conform to and obey the laws of the land." (§ 4852.05.) Analyzing the phrase "'an honest and upright life'" in a different but related statute, subdivision (a) of section 1203.4a, our Supreme Court recently held that "a person may live such a life even if that person has been in custody since completing the sentence imposed for the misdemeanor." (*People v. Maya* (2020) 9 Cal.5th 239, 240.) Upon receipt of "satisfactory proof" of any violations of the law by the petitioner, "the court may deny the petition and determine a new period of rehabilitation not to exceed the original period of rehabilitation for the same crime." (§ 4852.11.) In considering a

petitioner's violations of the law, the court may consider evidence concerning the underlying conduct that led to convictions that were later expunged. (*People v. Zeigler* (2012) 211 Cal.App.4th 638, 664-666 (*Zeigler*).) In addition, if the petitioner was convicted of any offense subject to sex offender registration under section 290, the court shall not grant a certificate of rehabilitation "if the court determines that the petitioner presents a continuing threat to minors of committing any of the offenses specified in [s]ection 290." (§ 4852.13, subd. (b).)

"To enter an order known as a certificate of rehabilitation, the superior court must find that the petitioner is both rehabilitated and fit to exercise the rights and privileges lost by reason of his conviction. (§ 4852.13, subd. (a).)" (*Ansell*, *supra*, 25 Cal.4th at pp. 875-876.) A certificate of rehabilitation is not "*necessarily* available to any convicted felon [or misdemeanant] who claims to meet the minimum statutory requirements and is otherwise eligible to apply." (*Id.* at p. 887.) The trial court exercises its discretion after conducting a thorough inquiry into the petitioner's "conduct and character from the time of the underlying crimes through the time of the certificate of rehabilitation proceeding. (§§ 4852.1–4852.12.)" (*Zeigler*, *supra*, 211 Cal.App.4th at p. 653.) "The standards for determining whether rehabilitation has occurred are high." (*Ansell*, at p. 887; *People v. Failla* (2006) 140 Cal.App.4th 1514, 1519 (*Failla*).)

We review for abuse of discretion an order denying a certificate of rehabilitation. (*People v. Faranso* (2015) 240 Cal.App.4th 456, 461 (*Faranso*); *Failla*, *supra*, 140 Cal.App.4th at p. 1519.) We will not disturb the trial court's ruling on appeal unless the

7

abuse of discretion was manifest and resulted in a miscarriage of justice. (*People v. Lockwood* (1998) 66 Cal.App.4th 222, 227.) "'A trial court abuses its discretion when it applies the wrong legal standards applicable to the issue at hand.'" (*Doe 2 v. Superior Court* (2005) 132 Cal.App.4th 1504, 1517 (*Doe 2*); *Fox Factory, Inc. v. Superior Court* (2017) 11 Cal.App.5th 197, 207.)

The People do not deny that Hilliard met the requirement that he obtain expungement of his section 311.11 conviction under section 1203.4. (§ 4852.01, subd. (b).) The trial court likewise agreed that Hilliard satisfied that requirement; the conviction had been expunged. The court nevertheless believed that the expungement was erroneous because Hilliard's conviction did not qualify. As a result, the court treated the expungement as if it did not exist for purposes of Hilliard's petition for a certificate of rehabilitation.

Section 1203.4 provides that a defendant meeting certain criteria may seek expungement of a conviction for "any case in which [the] defendant has fulfilled the conditions of probation for the entire period of probation." (§ 1203.4, subd. (a)(1).) The current version of section 1203.4 excludes persons convicted of certain misdemeanor sex offenses, including violations of section 311.11. (§ 1203.4, subd. (b).) But in 2006, when Hilliard pled guilty to a misdemeanor violation of section 311.11, section 1203.4 did not include such a limitation. (Former § 1203.4, subd. (b), eff. Oct. 7, 2005.)

The Court of Appeal has held that if a defendant was convicted by plea of an offense that was eligible for expungement when the plea was taken, then the defendant

8

may later seek expungement even if a subsequent statutory amendment has made the offense ineligible.  In *People v. Arata* (2007) 151 Cal.App.4th 778 (*Arata*), the defendant pled guilty to one count of lewd or lascivious conduct upon a child (§ 288, subd. (a)) based on the understanding that he would not be sentenced to prison and could later seek expungement of the conviction.  (*Arata*, *supra*, at pp. 781-782.)  After the defendant completed probation, he moved to withdraw his guilty plea and to dismiss his conviction under section 1203.4.  (*Arata*, at p. 781.)  The trial court denied the motion on the basis of an amendment to section 1203.4 that took effect after the defendant's guilty plea and precluded relief for a section 288 conviction.  (*Arata*, at p. 782.)

The Court of Appeal reversed.  (*Arata*, *supra*, 151 Cal.App.4th at p. 781.)  The court reasoned that the availability of section 1203.4 relief was an implied term of the defendant's plea bargain and was significant when considered in the context of the agreement as a whole.  (*Arata*, at pp. 787-788.)  The court concluded that because the defendant's "plea rested in a significant degree on the promise of eventual section 1203.4 relief, such promise must be fulfilled."  (*Id.* at p. 788.)

Hilliard argues that under *Arata*, *supra*, 151 Cal.App.4th 778, his 2006 conviction under section 311.11 was properly expunged, and the trial court erred by concluding otherwise and denying his certificate of rehabilitation on that basis.  The People concede that under *Arata* the expungement of Hilliard's 2006 conviction was proper even though section 311.11 convictions were statutorily ineligible for such relief when the

9

expungement occurred. We agree with the parties. Under *Arata*, Hilliard's 2006 misdemeanor conviction for violating section 311.11 was not ineligible for expungement.

Consequently, the trial court's ruling that Hilliard was not eligible for a certificate of rehabilitation because his conviction should not have been expunged was error. The trial court applied the wrong legal standard by concluding that Hilliard did not qualify for a certificate of rehabilitation because it mistakenly concluded that Hilliard's conviction had erroneously been expunged. The court therefore abused its discretion by denying Hilliard's petition on that basis. (See *Doe 2*, *supra*, 132 Cal.App.4th at p. 1517.)

The People argue that we should affirm despite the trial court's error because "[t]he central issue before this court is whether appellant was entitled to a certificate of rehabilitation," and "[h]e was not for two reasons." In particular, the People argue that (1) certain convictions Hilliard suffered during the period of rehabilitation "were a basis to deny the certificate," and (2) "the trial court could have reasonably concluded . . . that [Hilliard] posed a continuing threat to minors." Although the nature of the People's arguments is less than clear, we interpret them as aiming to show that the trial court's error was harmless. We disagree.

No party identifies the standard for prejudice that we should apply. In the absence of any argument for a higher standard, we apply *People v. Watson* (1956) 46 Cal.2d 818, which is the generally applicable standard of prejudice for state law error.[2] We therefore

---

[2]    Hilliard appears to argue that the trial court's error is reversible per se. We are not persuaded. For example, if the record demonstrated that, on some independent ground, Hilliard is categorically ineligible for a certificate of rehabilitation even though the 2006

10

must reverse if it is reasonably probable that Hilliard would have obtained a more favorable result but for the trial court's error. (*Id.* at p. 836.)

On this record, it is reasonably probable that Hilliard would have obtained a more favorable result if the trial court had not erred by concluding that the 2006 conviction was erroneously expunged. Hilliard appears to meet the requirements for a certificate of rehabilitation, and the trial court commended him on his rehabilitative efforts and the progress he has made, both of which appear to have been considerable.

The People's two arguments to the contrary lack merit. First, insofar as the People argue that the trial court denied Hilliard's petition both because the 2006 conviction was erroneously expunged and, alternatively, because of the convictions Hilliard suffered during the rehabilitation period, the argument is not supported by the record. Although the trial court mentioned the subsequent convictions when it denied the petition, the court's oral statement of its ruling made clear that the court was not denying the petition on the basis of those convictions. The court explained that in light of "the legal bounds that [the court was] constrained by," the court was denying the petition because Hilliard was "ineligible for the relief requested." Subsequent convictions do not render a petitioner *ineligible*. Rather, the court is allowed but not required to deny relief on the basis of subsequent convictions. (§ 4852.11.) Moreover, if the court does deny the petition on the basis of subsequent convictions, the court must set "a new period of rehabilitation" (*ibid.*), which the court did not do. We therefore conclude that the trial

conviction was correctly expunged, then the trial court's error would be harmless and reversal and remand for further proceedings would be futile.

11

court did not rely on Hilliard's subsequent convictions as an alternative basis for denying the petition.

In addition, Hilliard argues that it would have been improper for the court to rely on his subsequent convictions, because all of them have been expunged. The People concede that the court cannot rely on the expunged convictions themselves, but the People contend that the court is permitted to rely on the conduct underlying those convictions. But as Hilliard points out in his reply brief, the record contains no information about that conduct—the record reflects only the convictions. For all of these reasons, we conclude that Hilliard's subsequent (expunged) convictions do not show it is not reasonably probable that he would have obtained a more favorable result but for the court's error concerning the expungement of his 2006 conviction.

Finally, the People's argument that the trial court could have found that Hilliard is a continuing threat to minors is similarly unavailing. The People made no such argument in the trial court, and the court made no such finding, having denied the petition on an independent ground. Under these circumstances, the doctrine of implied findings does not apply. (See *Fair v. Bakhtiari* (2011) 195 Cal.App.4th 1135, 1148-1149.) At most, the People's argument shows that if the court were to make such a finding, it might be supported by substantial evidence. But it does not follow that it is not reasonably probable that Hilliard would have obtained a more favorable result but for the court's error about the expungement of the 2006 conviction. Had the trial court avoided that

12

error and reached the issue of whether Hilliard poses a continuing threat to minors, it is at least reasonably probable that the court would have found in Hilliard's favor.

Because the trial court mistakenly believed that Hilliard was ineligible for a certificate of rehabilitation, the court did not exercise its discretion concerning any of the factors that are relevant to ruling on a petition filed by an eligible defendant. Determining whether Hilliard should be granted a certificate of rehabilitation if he satisfied all of the statutory prerequisites is a decision to be made in the first instance by the trial court in the sound exercise of its discretion.  (See *People v. Robarge* (1953) 41 Cal.2d 628, 633-634 [remanding to trial court to exercise its discretion in deciding the merits of the defendant's motion for new trial, where the trial court had applied wrong legal standard in denying the motion]; *People v. Deloza* (1998) 18 Cal.4th 585, 600 [remand for the trial court to exercise its discretion at resentencing where "the trial court misunderstood the scope of its discretion to impose concurrent sentences for defendant's current convictions, and erroneously believed consecutive sentences were mandatory"]; see also *Fassberg Construction Co. v. Housing Authority of City of Los Angeles* (2007) 152 Cal.App.4th 720, 768 ["If the record clearly shows that the court failed to exercise its discretion, as here, we can neither defer to an exercise of discretion that never occurred nor substitute our discretion for that of the trial court"].)

In sum, we conclude that the trial court prejudicially abused its discretion by applying the wrong legal standard in determining Hilliard's eligibility for relief. We accordingly reverse and remand for further proceedings.[3]

### DISPOSITION

The order is reversed and the matter is remanded for further proceedings consistent with this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

McKINSTER
Acting P. J.
RAPHAEL
J.

---

**3**    Hilliard argues that the district attorney's investigator erroneously calculated Hilliard's eligibility date and that the trial court did not resolve the issue. Because the court decided Hilliard's petition on the merits, it appears that the court implicitly rejected the investigator's conclusion that the petition was premature. In any event, we need not resolve the issue because we are remanding for further proceedings. The trial court may resolve the issue in the first instance, if it is raised again.

14