Filed 12/26/23  P. v. Green CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081409 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD290772) |
| THOMAS CHRISTOPHER GREEN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Kimberlee A. Lagotta, Judge.  Affirmed.

Sally Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski, Donald W. Ostertag, and Juliet W. Park, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Thomas Christopher Green shot a homemade firearm on a crowded public boardwalk, hitting two victims with shrapnel.  A jury convicted Green

of two counts of assault with a firearm.  For each count, the jury also found true that Green personally and intentionally discharged the firearm.  After weighing mitigating and aggravating factors, the trial court struck one firearm enhancement, ordered the low-term sentence on the other, and imposed a total prison term of seven years.

Green appeals his sentence.  We affirm.  As we resolve this case by memorandum opinion, we do not elaborate on factual and procedural background beyond what is required for our analysis.  (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851-854.)

## I.

First, Green contends the trial court abused its discretion in declining to strike both firearm enhancements.  The People respond that the trial court considered the applicable factors and "struck a reasonable balance" by striking one and imposing the low term on the other.  The People thus argue that the trial court's decision was neither irrational nor arbitrary.  We agree with the People.

We review the decision not to strike an enhancement for abuse of discretion.  (*People v. Carmony* (2004) 33 Cal.4th 367, 374.)  A trial court does not abuse its discretion unless its decision is "so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.)  Green, as appellant, bears the burden to "clearly" show the decision was irrational or arbitrary.  (*Id.* at p. 376.)  If Green fails to do so, we presume the trial court "acted to achieve legitimate sentencing objectives." (*People v. Parra Martinez* (2022) 78 Cal.App.5th 317, 322 (*Parra Martinez*).)

Here, the trial court "balanc[ed] out" the aggravating and mitigating factors before issuing its sentence.  It considered "the totality of the evidence in this case" as well as "the arguments of all sides."  The trial court noted

that Green "fired off his weapon in the direction of vulnerable pedestrians on the boardwalk" on a busy holiday weekend. Despite the potential for greater injury, the trial court limited its sentencing decision to "what happened," not "what-ifs." Green's shot resulted in two separate victims. The victim of the count with the firearm enhancement for which the trial court imposed prison time "was particularly vulnerable," getting "hit by shrapnel in her back as she was walking away" with her two nieces. The trial court imposed the middle term for that count and the lower term for the corresponding firearm enhancement. The trial court, however, struck the firearm enhancement on the other count because "this was a single shot" and it already "considered the punishment" in the first count.

Green concedes the trial court "understood the scope of its authority," and he does not claim that the trial court failed to consider both mitigating and aggravating factors. "Accordingly, we may presume those factors were properly considered." (*Parra Martinez*, *supra*, 78 Cal.App.5th at p. 323.)

Green does not persuade us that the trial court's decision was irrational or arbitrary. Green emphasizes mitigating factors and downplays aggravating ones to argue that the trial court should have reached a different result.[1] In essence, Green disagrees with how the trial court weighed the factors. But we will not reverse " 'merely because reasonable people might disagree.' " (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 978.) Green thus does not present a valid basis for reversal here.

---

[1] We do not consider Green's argument, first raised in reply, that the victims were "not especially vulnerable." (See *People v. Failla* (2006) 140 Cal.App.4th 1514, 1519, fn. 3.) Green offers no reason for not making this argument earlier, and it conflicts with his initial position that both victims were "somewhat vulnerable."

## II.

Second, Green argues the trial court unfairly penalized him for exercising his right to a jury trial because he received a seven-year sentence after rejecting a five-year pretrial plea offer. We disagree.

At sentencing, a trial court is "in no way limited by the terms of any negotiated pleas" offered by the prosecutor. (*In re Lewallen* (1979) 23 Cal.3d 274, 281.) A more severe sentence conflicts with a defendant's exercise of the constitutional right to a jury trial only if the trial court imposes it *because* the defendant opted for trial. (*Ibid.*) The "mere fact" that a defendant received a greater sentence than was offered by plea deal, however, "does not in itself support the inference that he [or she] was penalized" for going to trial. (*People v. Szeto* (1981) 29 Cal.3d 20, 35.) In *Szeto*, our Supreme Court affirmed a sentence after the defendant "admit[ted]" that the trial court "did not say anything reasonably giving rise to the inference that [it] was penalizing defendant for exercising his right to jury trial." (*Ibid.*)

Here, Green presents no evidence the trial court imposed the sentence because he rejected the plea offer. Like the defendant in *Szeto*, Green admits that "the trial court did not make any statement penalizing" him. And Green's claim that the trial court "imposed a longer sentence for lesser convictions" is not accurate. Green turned down a pretrial offer to plead guilty to *one* count of assault with a firearm with a firearm enhancement. Despite Green's focus on the attempted murder charge, it was not part of the contemplated plea. After trial, the jury convicted Green of *two* counts of assault with a firearm, each with a firearm enhancement. He thus received a longer sentence for greater convictions. As a result, Green does not persuade us that the trial court penalized him for taking his case to trial.

4

## DISPOSITION

We affirm.

CASTILLO, J.

WE CONCUR:


DATO, Acting P. J.


DO, J.